William J. and Alice Mae Simpson v. Commissioner.
Simpson v. Commissioner
Docket No. 4012-62.
United States Tax Court
T.C. Memo 1964-76; 1964 Tax Ct. Memo LEXIS 259; 23 T.C.M. (CCH) 480; T.C.M. (RIA) 64076; March 20, 1964
William J. Simpson, pro se, 403 Hastings Road, Belton, Tex. Lyle Walker and Harold Friedman, for the respondent. TRAIN
Memorandum Findings of Fact and Opinion Findings of Fact TRAIN, Judge: Petitioners are husband and wife residing in Waco, Texas. They filed joint income tax returns for the taxable years 1957 and 1958 with the district director of internal revenue, Austin, Texas, on July 16, 1959. William J. Simpson is hereinafter referred to as petitioner. Respondent determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
I.R.C. 1954
Year
Deficiency
6651(a)
6653(a)
1957
$18,091.81
$4,522.95
$ 904.59
1958
32,051.57
1,602.58
During the years in question petitioner was in the real estate business as a dealer, *260 trader, builder and promoter. Petitioner is on the cash basis of accounting. In the statutory notice of deficiency respondent increased petitioners' taxable income to reflect amounts not included by petitioner from various real estate transactions. Respondent also disallowed items of ranch expense and deductions for interest and taxes. In auditing petitioner's income tax returns for the years involved the internal revenue agent examined petitioner's books and third-party records, and worked with petitioner's accountant to determine petitioner's income. Because of the nature of petitioner's operations and records thereof, it was difficult to establish his basis in certain items. Petitioner would often trade properties he owned for other properties and then sell or re-trade some of the properties he had received. In attempting to calculate petitioner's cost bases for properties sold or exchanged during the taxable year, respondent has allowed petitioner amounts in addition to those reflected on petitioner's books and records. Only the items which have been contested by petitioner will be discussed. In 1957 petitioner traded an apartment building and house located in Harlingen, *261 Texas, to Claude M. Green for approximately 773 acres of ranch property located near Georgetown, Texas, and the assumption of petitioner's liabilities. Petitioner realized at least $26,449.82 gain on this transaction. In 1958 petitioner exchanged part of the above ranch property for two tracts of land near Livingston, Texas, plus an assumption of several items of indebtedness by the transferees. Petitioner sold the two tracts of land subsequently for approximately $34,000, and sold the remainder of the ranch property for $88,500. Petitioner realized gain of not less than $57,750 on the disposition of the ranch property. For the taxable year 1957 respondent disallowed ranch expenses of $8,066.03 and $5,150. Respondent has allowed petitioner an increase in the basis of the ranch which includes some of the same items disallowed as expenses. Petitioner is not entitled to the claimed ranch expenses. For the 1957 taxable year petitioner reported rental income of $6,815.68. In his deficiency notice respondent increased this amount by $800. At trial, respondent conceded $200 of this increase. We find that petitioner understated 1957 rental income by $600. In 1957 petitioner exchanged *262 his equity in three duplexes to Thomas S. Wallace for $17,500 face value of certain notes which had been held by Thomas S. Wallace. Respondent determined that petitioner's equity in the duplexes was $3,000 and that the discounted value of the notes was $15,500. Petitioner realized a gain of $12,500 on this transaction. In 1957 petitioner sold 40 head of cattle for $4,000 and deducted $4,000 as a cattle expense item. Respondent has allowed the $4,000 as a deduction reflected in "other income". Respondent has conceded that petitioners are entitled to deductions of $5,007.24 and $2,405 for taxes and interest on business property, and of $4,743.01 for taxes on petitioners' personal residence, in the 1958 taxable year. Petitioners are not entitled to a standard deduction for that year, since the taxes on their personal residence are an itemized deduction in excess of the maximum allowable standard deduction. On their 1958 income tax return, petitioners reported "other income" of $11,748.40 which included a loss of $5,855.60 from the sale or exchange of real estate. In 1958 petitioners had "other income" of $6,350 which they failed to report. In 1958, petitioners had a gain of $3,105.55 *263 from the sale of lot 11, block 6 in the Simpson Twins Subdivision in Harlingen, Texas to Jesse F. Turner. In 1958 petitioner traded E. J. Hood four houses in Harlingen, Texas, for three houses in Austin, Texas, and one house in Houston, Texas. All of these houses were encumbered by mortgages. Petitioner sold one house; traded the second to a contractor who built four motel units for petitioner; traded the third to cancel a lease held by a tenant of the Georgetown, Texas ranch property; and traded the fourth for two vacant lots in Austin, Texas, which he exchanged later for a house. Petitioner realized a taxable gain of $18,890.34 on these transactions. Petitioner is liable for additions to tax under sections 6651(a) and 6653(a) of the Internal Revenue Code of 1954. Opinion The issues presented in this case are factual ones. Petitioner's contentions leave much to be desired in both clarity and substance. While he disputed many of respondent's calculations, he admitted during the trial that respondent had in fact allowed many of the disputed items. Petitioner appeared to be more concerned with where the items were allowed than whether they were allowed, *264 regardless of the tax result. The amounts allowed to petitioner appear to be quite reasonable. Petitioner has failed completely to point to any disallowed item whose allowance he could substantiate with any sort of records. He has not presented any evidence which would establish error in respondent's determination of deficiencies, which we sustain in accordance with our findings of fact and respondent's concessions at the trial. Petitioners have presented no evidence as to why their 1957 and 1958 income tax returns were not filed until July 16, 1959, or as to the issue of negligent underpayment; we therefore sustain the additions to tax determined by respondent. Decision will be entered under Rule 50.